**PICKWICK HOLDING COMPANY, Plaintiff-Appellee, v. WALLACE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4865. Decided December 2, 1952.

Kenneth B. Johnston, Columbus, for plaintiff-appellee.
Walter R. Hill, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

Submitted on motion of the appellee seeking an order dismissing the appeal for the reason that the notice was not filed within the time required by §12223-7 GC.

The record reveals that the action was in forcible entry and detention; that on August 8, 1952, judgment was rendered for the plaintiff; that on August 11, 1952, a motion was filed to quash the summons and set aside the bailiff's return of residence service on the defendant. This motion was overruled on August 22. On August 26 a motion to reconsider the order overruling the motion to vacate was filed which was overruled on September 3, 1952. The notice of appeal is directed to the order of August 8 and also to the one of September 3.

One of the questions pertinent to the issues appears to be the nature of the motion filed on August 11. If it was a motion for a new trial which was overruled on August 22, then the notice of appeal was seasonably filed. However, we are unable to so construe the motion of August 11, which we hereby quote:

"Now comes the defendant, Rozella Wallace by and through her attorney and objecting to the jurisdiction of the court over her person herein and appearing for the purpose of this motion only and not intending hereby to enter an appearance, moves the court to quash the summons issued herein and to set aside the Bailiff's return of residence service thereon upon the following grounds, to wit:

"1. That the defendant is not a resident of the premises known as 303 East Gay Street, Columbus, Ohio.

"2. That the summons was not served in the city of Columbus, Ohio

upon the defendant in the manner prescribed by law and the rules of this court.

"3. That this court has no jurisdiction of the person of the defendant in this proceeding.

"4. That the default judgment herein was rendered without proper service of process as required by law upon this defendant.

"5. That the judgment heretofore rendered against the defendant by default should be set aside since the service of process was contrary to law and as is more fully set out and shown in the affidavit herewith filed."

Sec. 11575 GC defines a new trial as a re-examination in the same court of the issues after a final order of judgment or decree. The motion does not specifically seek a new trial, but only that the service of summons be quashed because of the alleged defect in service and that the judgment be vacated. It will be noted the defendant appears only for the purpose of the motion and does not enter an appearance. Therefore, in substance, she is objecting to a new trial for the reason she is not in court. Under these facts we cannot construe the motion of August 11 as a motion for a new trial.

The appeal is also directed to the order of September 3 which is an order overruling the motion to reconsider a ruling on a previous motion. Clearly this is not a final order as defined by §12223-2 GC.

The motion will be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.